UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN M. RZEPKA,<br><br>       Plaintiff,<br>v.<br><br>RAZOR CAPITAL, LLC, and<br>STENGER & STENGER, P.C<br><br>       Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## PARTIES

3. Plaintiff, Steven M. Rzepka, is an adult, natural person residing in Branch County, Michigan. Mr. Rzepka is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Rzepka is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

4. Defendant Stenger & Stenger, P.C. ("Stenger"), is a private professional corporation, doing business at 2618 E. Paris Avenue SE, Grand Rapids, MI 49546. Stenger uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Stenger regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Stenger is a "regulated person" as the term is defined and used in the MCPA. Alternatively, Stenger is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

5. Defendant Razor Capital, LLC ("Razor"), is a Minnesota limited liability company, with its principal place of business located at 8000 Norman Center Drive, #860, Bloomington, MN 55437. Razor uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Razor is a "debt collector" as the term is defined and used in the FDCPA. Razor is a "collection agency" as the term is defined and used in the MOC. Alternatively, Razor is a "regulated person" as the term is defined and used in the MCPA.

**FACTS**

6. In or around March 1997, Plaintiff incurred a financial obligation with Citibank, which he used to purchase goods or services for personal, family or household purposes. Any resulting obligation of Mr. Rzepka to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

7. Plaintiff defaulted on the account in 2011.

8. Citibank declared the account in default and then charged off and later sold the account.

9. Mr. Rzepka received a collection letter demanding the amount of $18,029.13, dated July 19, 2013, from Stenger on behalf of Razor, attached hereto as Exhibit A.

2

10. Razor allegedly purchased the charged off account and related alleged debt, likely paying less than five cents on the dollar.

11. Razor placed the account with Stenger to collect the alleged debt from Mr. Rzepka.

12. On or about November 22, 2013, Stenger on behalf of Razor filed a debt collection lawsuit ("State Court Lawsuit") against Mr. Rzepka in the 3-A District Court for the State of Michigan, Case No. 2013-1885GC. The complaint was dated November 4, 2013, and was unsigned by a Stenger attorney, either Joseph M. Jammal or Amanda M. Brewster. The complaint was filed in connection with efforts by Stenger and Razor to collect the disputed debt from Mr. Rzepka. The copy of the Complaint received by Mr. Rzepka from the Court is not signed, as required by Michigan Court Rule 2.114(C)(1). A copy of the summons and complaint filed in the State Court Lawsuit is attached as Exhibit B.

13. The State Court Lawsuit was placed with R.E. Risk & Associates ("Risk") for service on Mr. Rzepka.

14. Risk assigned the service of the State Court Lawsuit to John Morrell, Jr. ("Morrell").

15. On December 27, 2013, Morrell executed a false and fraudulent Affidavit of Process Server, on behalf of Risk, stating he personally served Mr. Rzepka at his home on December 12, 2013, at 8:30 AM (attached hereto as Exhibit C). Said Affidavit was executed 15 days after the alleged service.

16. This Affidavit was filed with the 3-A District Court on January 13, 2014, at 1:30 p.m.

17. On January 20, 2014, Razor, through Stenger, submitted a Default Request, Affidavit and Entry form, stating entitlement to judgment of $15,066.93, costs of $179.10 and

3

attorney fee of $75.00 for a total of $15,321.03, plus statutory interest at 1.5% from November 22, 2013, to January 10, 2014 (attached hereto as Exhibit D).

18. Upon information and belief, Razor is a debt buyer that purchased from Citibank only the balance due on the debt and does not have the right to charge interest.

19. While Michigan provides for a statutory (or default) interest rate on debt, Citibank, by choosing a different rate in its contract with Mr. Rzepka, waived the right to collect any default rate of interest in the future.

20. Upon information and belief, Citibank, pursuant to federal law, waived further accrual of interest when it charged off and sold the debt.

21. By contracting for a higher rate of interest and then forfeiting that contract rate through charging off the debt, Citibank and, thus, its alleged assignee, has no right to charge interest on the debt.

22. Upon information and belief, Razor is a debt buyer that purchased from Citibank only the balance due on the debt and does not have the right to charge attorney fees.

23. On or about January 29, 2014, Mr. Rzepka received by mail a copy of the Default Judgment at his home in Coldwater.

24. On February 14, 2014, Mr. Rzepka wrote a letter to the Court, questioning the Default Judgment that he had received and requesting that the Default Judgment be set aside, because he was never served with the Summons and Complaint (attached hereto as Exhibit E).

25. On February 20, 2014, Mr. Rzepka visited the 3-A District Court and completed a proper Motion and Affidavit to Set Aside Default Judgment and had it signed by the Clerk and set for hearing on March 14, 2014 (attached hereto as Exhibit F).

26.     At the hearing on March 14, 2014, Morrell failed to appear to defend his Affidavit of Process Server, and the Court set aside the default judgment and set the matter for Pretrial Conference on May 2, 2014.

27.     At the hearing on May 2, 2014, the Court granted discovery, to be completed "on or before 8-8-14" and set a bench trial for September 12, 2014, at 9:00 a.m.

28.     Mr. Rzepka retained counsel to represent him during the remainder of the State Court Lawsuit.

29.     On June 30, 2014, counsel for Mr. Rzepka received a letter dated June 26, 2014, from Stenger, indicating that Stenger had not received Mr. Rzepka's scheduled payment that was "recently due" on the Razor debt (attached hereto as Exhibit G). No payment plan was in effect.

30.     This constitutes a communication in an attempt to collect a debt.

31.     Stenger propounded no discovery on Mr. Rzepka until July 22, 2014, which was postmarked July 25, 2014, and received by Mr. Rzepka on July 28, 2014, and which did not allow for sufficient time to respond to Discovery, pursuant to the parameters of the Court.

32.     On July 15, 2014, without conducting any discovery, Stenger, on behalf of Razor, filed a Motion for Summary Disposition, pursuant to MCR 2.116(C)(9) and (C)(10) (the "Motion").

33.     With the Motion, Stenger included a renewed proposed Civil Judgment, requesting Damages of $15,066.93, Filing Fee of $150, Motion Fee of $20 and Service Fee of $29.10, plus statutory interest of 1.5% from November 22, 2013 to July 15, 2014. It made no request for attorney fee in this proposed judgment.

34.     Again, interest on the debt is not permissible, because it was waived by the original creditor.

35. On August 20, 2014, counsel for Mr. Rzepka received another letter from Stenger, dated August 19, 2014, again indicating that a scheduled payment had not been received (attached hereto as Exhibit H). No payment arrangement was in effect.

36. This constitutes a communication in an attempt to collect a debt.

37. The parties attended the hearing on August 22, 2014, again, the last day for discovery to be completed, and counsel for Rzepka made an oral argument against the Motion, due to her recent unavailability to prepare written response in time to file it with the Court in advance of the hearing.

38. The Court granted Mr. Rzepka 14 days to file a written response, based on the oral argument made by counsel, and 14 days for Razor to file a reply.

39. Mr. Rzepka filed a written response to the Motion, based primarily on the inadmissibility of every piece of documentary evidence attached to the Motion in support and then requested a further hearing, which was scheduled for November 14, 2014.

40. Razor also filed a Notice of Submission of Documents Pursuant to MRE 902(11), to which Mr. Rzepka objected, based on the inadmissibility of all documents attached thereto.

41. This was addressed at the same time as the Motion on November 14, 2014, and the Court ruled in favor of Mr. Rzepka and deemed the documents inadmissible and denied Razor's Motion.

42. At no time during the State Court Lawsuit proceedings has Razor submitted admissible evidence of its ownership of the Citibank debt or its standing to collect it.

43. Razor's default judgment improperly sought interest, misrepresenting the amount of the debt.

44. Razor's proposed judgment submitted with its Motion improperly sought interest, misrepresenting the amount of the debt.

45. Razor's complaint sought attorney fees to which it was not entitled, misrepresenting the amount of the debt.

46. Razor misrepresented in its complaint that it has sent billing statements to Mr. Rzepka to which he never objected; in fact, Mr. Rzepka never received a billing statement from Razor.

47. Stenger and Razor did not maintain procedures reasonably adapted to avoid violating the FDCPA.

48. If Stenger and Razor did maintain procedures reasonably adapted to avoid violating the FDCPA, then Stenger and Razor failed to follow those procedures.

49. The acts and omissions of Stenger and its employees done in connection with efforts to collect the alleged debt from Mr. Rzepka were done intentionally and willfully.

50. Stenger and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

51. The acts and omissions of Razor and its employees done in connection with efforts to collect the alleged debt from Mr. Rzepka were done intentionally and willfully.

52. Razor and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

53. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

54. Stenger, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

55. Razor, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

56. Razor, directly and indirectly, attempted to collect the alleged debt from Mr. Rzepka.

57. Razor is a debt collector. Razor hired Stenger, another debt collector, to collect the alleged debt from Mr. Rzepka. A debt collector that hires another debt collector to collect a debt is liable for the acts and omissions of the debt collector it hires to collect a debt.

58. Razor is liable for the unlawful acts and omissions committed by Stenger in connection with the efforts by Stenger and Razor to collect the alleged debt from Mr. Rzepka.

59. Stenger hired Risk to serve legal process for the alleged debt upon Mr. Rzepka. Stenger is responsible for the misdeeds of its process server when it operates outside its legal parameters by executing a false and fraudulent Affidavit of Process Server.

60. Risk hired Morrell to serve legal process for the alleged debt upon Mr. Rzepka. Stenger is responsible for the misdeeds of its process server when it operates outside its legal parameters by executing a false and fraudulent Affidavit of Process Server.

61. As an actual and proximate result of the acts and omissions of defendants and their employees, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, physical stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury and at trial.

## CAUSES OF ACTION

### COUNT I. FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendants violated the FDCPA. Defendants' violation of the FDCPA include, but are not necessarily limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b. Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning plaintiff;

   c. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d. Defendants violated 15 U.S.C. § 1692g.

Wherefore, Plaintiff seeks judgment against Defendants for:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. Such further relief as the court deems just and proper.

## COUNT II. MICHIGAN COLLECTION PRACTICES ACT

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendants violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

- a. Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive manner;
- b. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;
- c. Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and
- d. Defendants violated M.C.L. § 445.252(h);
- e. Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abuse method to collect a debt; and
- f. Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

Wherefore, Plaintiff seeks judgment against Defendants for:

- e. Actual damages pursuant to M.C.L. § 445.257(2);
- f. Treble the actual damages pursuant to M.C.L. § 445.257(2);
- g. Statutory damages pursuant to M.C.L. § 445.257(2);
- h. Costs and reasonable attorney fees pursuant to M.C.L. § 445.257(2).

## COUNT III. MICHIGAN OCCUPATIONAL CODE

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendants violated the MOC. Defendants' violations of the MOC include, but are not necessarily limited to, the following:

    a. Defendants violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

    b. Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    c. Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and

    d. Defendants violated M.C.L. § 339.915(h);

    e. Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abuse method to collect a debt;

    f. Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    g. Defendants violated M.C.L. § 339.918(2).

Wherefore, Plaintiff seeks judgment against Defendants for:

    i. Actual damages pursuant to M.C.L. § 339.916(2);

    j. Treble the actual damages pursuant to M.C.L. § 339.916(2);

    k. Statutory damages pursuant to M.C.L. § 339.916(2);

    l. Costs and reasonable attorney fees pursuant to M.C.L. § 339.916(2).

## **DEMAND FOR TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.


Dated:  November 21, 2014                     /s/ Kristen L. Krol
                                              Kristen L. Krol (P55103)
                                              The Krol Law Firm
                                              Attorney for Plaintiff
                                              4710 W. Saginaw Highway, Suite 7
                                              Lansing, Michigan 48917-2654
                                              517-321-6804 ♦ debtrlc@drlc.com